OPINION of the court, by
Ch. J, Boyle.
The record in this case presents some points of practice, which seem proper t^ be settled previous to the investigation of the merits of the cause. *
The first we shall notice respects the rejection of the two last pleas offered by the defendants in the court below.
Upon this point we can have no hesitation in saying that the court acted correctly. After a judgment had been entered upon the demurrer to three, several pleas ¿led by the defendants at the preceding term of the court, to set aside that judgment at the instance of the defendants and permit them to file additional pleas, was riot only not a matter'of course, but a thing that could not be justified unless it were under the most special and extraordinary circumstances,; and so far írom such circumstances being shewn, the defendants have not offered even the shadow of a pretext in support of their motion.
Another point which seems proper to be noticed, is the admission of the two pleas to the filing of which the plaintiffs excepted.
These pleas were offered by the defendants at the first term of the court at which the cause was called. , It is true thát the defendants had filed a plea to which there Was a demurrer, and on their inotion had leave to file *262 an amended plea, to which there was also a demurrer,, which had been-argued and an entry made that the court would take time to consider until the next term, before the pleas in question were offered. Under these cir-cumstances the defendants might not (strictly speaking) have a right to file additional pleas, yet it was in the ^'scre^on the court to permit them to dose, andun-*ess tilere had heen an evident abase of that discretion, (which does not in this instance appear to be the case) this court ought not to interfere.
. tKat a bcmcFwas given for a‘good «rvaiaabie con fitiént without detailing the foots.
¡mfPfom'times ⅛⅛the negative,
We shall therefore consider the cause on its merits, as standing upon the three pleas filed at the first term of the court, upon demurrer to which the court below gave judgment for the plaintiffs.
The object of each of these pleas is to question the consideration of the bond upon which the suit is brought. The second denies that the bond was executed upon any good or valuable consideration. The first and third allege that the bond was executed by the defendants in consideration of their supposed liability as endorsers of a bill of exchange, when in truth they were discharged from such liability, by the failure óf the plaintiffs to, give them notice in due time of the nón-acceptance of the bill by the drawee.
We will in the first place consider whether the facts alleged in these two last mentioned pleas are sufficient to render the bond void for want of a consideration, leaving the other plea tobe disposed of afterwards.
Tne bill of exchange was drawn by A. Burr, on the 9th of December 1806., at Frankfort, upon George Ogden of New-York, payable to Charles Lynch ninety days after sight, endorsed by Lynch to the defendants and by them to the plaintiffs. On the 26th of January 1807, it was presented for acceptance and protested, but notice thereof was not given until the 13rh of February Í809, when the bond was executed for the payment af the amount of the bill, &c.
Where notice of the nonacceptance of a bill is required to be given in order to charge a party, that he will be discharged from any responsibility unless the notice be given in a reasonable time, is a position which does not admit of controversy ; nor can it be doubted that the notice in this case was not given in a time which can be deemed reasonable. But it is contended that notice *263 to the defendants was not necessary, they not having shewn that they had sustained any damage for the want of it. The reason why notice is required is, that the parties froth whom the holder received the bill may immediately call upon those Who are responsible to them for indemnity. With respect to the drawer, therefore, if he has no effects in the hands of the drawee,, this reason is not applicable : for in such case there is no person to whom he could resort. Blit with respect to an endorser, the case is different. There is always some preceding party to the bill, to whom he may have recourse, and he ⅛ presumed to have paid a valuable consideration for it — See Chitty on Bills 8?, Kydd 131. In general, therefore, it is incumbent upon the holder of a bill, in order to excuse the omission to giv^ notice in due time, to shew that the endorser has sustained no actual damage, or at least to shew such facts as may afford an inference to that effect. But were it necessary for the defendants to shew that they had sustained any damage, it see ms sufficiently alleged in one of the pleas under consideration, In which it is averred that the bill was endorsed to them for a valuable consideration, and that for want of due notice they have lost the opportu-iiity of recovering the amount of the bill, &c. from the drawer, he having become insolvent, at the expiration of the time within which such notice should have been given. If, therefore, the defendants were wholly discharged from any responsibility for want of due notice of the nonacceptance of the Bill, the bond given for the payment of the amount of the bill, &c. was without consideration. A promise to pay in such a case is held not to be binding — See Blesard vs. Hirst, 5 Burr. 2670, Kydd 119. Nor would the ¡circumstance that the promise was reduced tq writing, make any difference : for a written, no more than a verbal promise, is binding, if made without consideration : and the act of 1801 (2 Litt. 44*2) having authorised the defendant in an action upon a bond or other writing under seal, by special plea to impeach or go into the consideration in the same manner as if such writing had not been sealed, it evidently follows that the bond on which suit is brought is m this respect placed upon the sanie footing as a verbal or written promise, and consequently not binding upon the defendants.
*264 With respect to the other plea, which denies that the , J ,. ' r .■ , ' ,. , . , bond was given tor any good or valid consideration, we can see no objection to it. If it were the intention of the legislature in passing the act before alluded to, to authorise an inquiry into the consideration of a bond iherely voluntary, as it obviously appears to have been, no other plea would answer. It does not follow, as was supposed by one of the counsel, that because the picáis in ther negative, it is not such an one as is authorised by the act. Although in the negative, yet it is a special jilea : it does not, like the general issue, traverse the plaintiffs’whole declaration, but advances. new matter not stated in the declaration. Special pleas are usually in the affirmative, but they are sometimes in the negative — 3 Black. Com. 309.
We dire therefore of opinion that the circuit court err-éd in adjudging the pleas filed by the defendants insufficient.
It is therefore considered by the court that the judgment of the circuit court be reversed, that the cause b& iemanded to said court, and that the plaintiffs, on application for that purpose, have leave to withdraw their demurrer to the defendants’ plea and reply thereto, and if they do not apply for leave that judgment may be entered upon the demurrer for the defendants.